UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | : CHAPTER 11 |
| | : (Jointly Administered) |
| **NEW CENTURY TRS HOLDINGS, INC,**: | |
| *et al.*[1] | : Case No. 07-10416 (KJC) |
| Debtors | : |
| | : |
| **HELEN GALOPE,** | : Adv. Pro. No. 12-51000 (KJC) |
| Plaintiff, | : (Re: D.I. 3) |
| | : |
| v. | : |
| | : |
| **NEW CENTURY MORTGAGE CORP.,** | : |
| *et al.* | : |
| Defendants | : |

# MEMORANDUM DISMISSING COMPLAINT[2]

## BY: KEVIN J. CAREY, UNITED STATES BANKRUPTCY JUDGE

On November 19, 2012, Helen Galope filed an adversary complaint against New Century Mortgage Corporation and its affiliates (the "Defendants") alleging fourteen causes of action. On December 19, 2012, the New Century Liquidating Trust, by and through Alan M. Jacobs as the Liquidating Trustee, filed a Motion to Dismiss the Adversary Proceeding Complaint. (D.I. 3).

---

[1] The Court approved joint administration of the chapter 11 cases of New Century TRS Holdings, Inc. and fourteen related entities by Order dated April 3, 2007 (D.I. 52). New Century Warehouse Corporation, a California corporation, filed a chapter 11 bankruptcy petition on August 3, 2007. The jointly administered debtors and New Century Warehouse Corporation are referred to collectively herein as the "Debtors."

[2] This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding pursuant to 28 U.S.C. 157(b)(1) and (b)(2)(B).

On December 27, 2012, Ms. Galope filed a response objecting to the Trustee's Motion to Dismiss (Main Case, D.I. 11043).[3] The Trustee responded on January 11, 2013 (D.I. 5), and the motion was taken under advisement. For the reasons set forth herein, the Motion to Dismiss will be granted.

**Background**[4]

On April 2, 2007, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. By order dated June 28, 2007, this Court established August 31, 2007 as the deadline for filing proofs of claim in the chapter 11 case (the "Bar Date") (Main Case, D.I. 1721).

On November 20, 2009, the Court entered an Order confirming the Modified Second Amended Joint Chapter 11 Plan of Liquidation (the "Modified Plan") (Main Case, D.I. 9905 and D.I. 9957).[5] The Modified Plan adopted, ratified and confirmed the New Century Liquidating

---

[3] Ms. Galope's response also included a request that I recuse myself from "the proceedings of [her] case" (the "Motion for Recusal"). An evidentiary hearing regarding the Motion for Recusal was held on April 10, 2013. A Memorandum Order denying the Motion for Recusal was entered on April 15, 2013. (Main Case, D.I. 11144).

[4] Much of this background cites to pleadings, rulings and other events that have taken place during the Debtors' chapter 11 bankruptcy case, as referenced by the docket numbers to pleadings in the main bankruptcy case. Federal Rule of Evidence 201 authorizes a court to take judicial notice of an adjudicative fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b). Further, judicial notice may be taken at any stage of the proceeding. Fed.R.Evid. 201(f). The Third Circuit Court of Appeals has decided that a court may take judicial notice of an adjudicative fact under Federal Rule of Evidence 201 that is not subject to reasonable dispute "as long as it is not unfair to a party to do so and does not undermine the trial court's factfinding authority." *In re Indian Palms Assoc.*, 61 F.3d 197, 205 (3d Cir. 1995). For purposes of considering the Motion to Dismiss, I take judicial notice of these background facts which are undisputed and well known to the parties.

[5] This Court entered an Order Confirming the Second Amended Joint Chapter 11 Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors Dated as of April 23,
(continued...)

2

Trust Agreement, dated as of August 1, 2008, which created the New Century Liquidating Trust (the "Trust") and appointed Alan M. Jacobs as Liquidating Trustee of New Century Liquidating Trust and Plan Administrator of New Century Warehouse Corporation (the "Trustee").

### *The Galope Claim Litigation*

On or about July 29, 2011, Helen Galope filed proof of claim number 4131 in the amount of $350,000 (secured) plus unliquidated amounts (the "Galope Claim"). The Galope Claim stated that the basis of her claim is a "Mortgage Note" in the original principal amount of $522,000 in favor of New Century Mortgage Corporation ("NCMC"), as lender, and attached a copy of the Federal Truth-in-Lending Disclosure Statement and the Deed of Trust, both dated December 16, 2006, as exhibits. On August 26, 2011, the Trustee filed an objection to the Galope Claim on the grounds that it was a late claim, since it was filed almost four years after the Bar Date.[6] Ms. Galope filed a response opposing the Trustee's Claim Objection. An evidentiary hearing was held on December 13, 2011 to consider only the issues related to the late filing of the claim; not its underlying merits. (*See* Scheduling Order, Main Case, D.I. 10593).

On February 7, 2012, this Court issued a Memorandum and Order (Main Case, D.I. 10725 and D.I. 10726) (the "February 7 Decision") sustaining the Trustee's Claim Objection and

---

[5](...continued)
2008 (the "Original Confirmation Order") on July 15, 2008 (Main Case, D.I. 8596), which became effective on August 1, 2008. An appeal was taken and, on July 16, 2009, the United States District Court for the District of Delaware issued a Memorandum Opinion reversing the Original Confirmation Order. On July 27, 2009, the Bankruptcy Court entered the Order Granting Motion of the Trustee for an Order Preserving the Status Quo Including Maintenance of Alan M. Jacobs as Liquidating Trustee, Plan Administrator and Sole Officer and Director of the Debtors, Pending Entry of a Final Order Consistent with the District Court's Memorandum Opinion (the "Status Quo Order") (Main Case, D.I. 9750).

[6]*See* The New Century Liquidating Trust's Forty-Second Omnibus Objection to Claims Pursuant to 11 U.S.C. §502(b) and Fed.R.Bankr.P. 3001 and 3007 and Local Rule 3007-1 [Non-Substantive] (D.I. 10562) (the "Claim Objection").

disallowing and expunging the Galope Claim.[7] More particularly, the February 7 Decision determined that (i) the Galope Claim is a pre-petition claim subject to the Bar Date; (ii) Galope was an unknown creditor at the time the Bar Date Notice was being served and was entitled only to constructive notice by publication; (iii) the Debtors' publication of the Bar Date Notice in the national edition of the *Wall Street Journal*, supplemented with notice in the *Orange County Register*, was constitutionally adequate for unknown creditors; and (iv) Galope was not entitled to relief from the Bar Date for excusable neglect based upon consideration of the factors set forth in *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

Ms. Galope's Motion for Reconsideration of the February 7 Decision (the "First Reconsideration Motion") (Main Case, D.I. 10742) was denied by Memorandum and Order dated May 17, 2012 (Main Case, D.I. 10890). On June 1, 2012, Ms. Galope filed a Second Motion for Reconsideration (Main Case, D.I. 10917) based, in part, upon the decision issued by the Third Circuit Court of Appeals on May 18, 2012: *Wright v. Owens Corning*, 679 F.3d 101 (3d Cir. 2012). The Second Motion for Reconsideration was denied by Memorandum and Order dated September 17, 2013 (Main Case, D.I. 11256 and D.I. 11257).[8] Ms. Galope filed a Notice of Appeal of the Memorandum and Order denying the Second Motion for Reconsideration (Main Case, D.I. 11260).[9]

---

[7] *In re New Century TRS Holdings, Inc.*, 465 B.R. 38 (Bankr. D.Del. 2012).

[8] *In re New Century TRS Holdings, Inc.*, 2013 WL 5231456 (Bankr. D.Del. Sept. 17, 2013).

[9] Pursuant to a scheduling order dated October 9, 2013, Ms. Galope's designation of items to be included in the record on appeal and statement of issues are due October 21, 2013. The Trustee's

(continued...)

***The Galope Adversary Proceedings***

On December 6, 2011, Ms. Galope filed an adversary proceeding against Debtors New Century TRS Holdings, Inc., New Century Mortgage Corporation and NC Capital Corporation alleging the following claims: (1) Fraud at Loan Origination, (2) TILA Violation, (3) Intentional Misrepresentation, (4) Fraudulent Conveyance, (5) Civil Conspiracy v. Homeowners, (6) Civil Conspiracy - Preferential Treatment Accorded Banks, (7) REMIC Fraud and Tax Evasion, (8) Fraudulent Misrepresentation, (9) Unjust Enrichment, (10) Fraud by Omission & Inducement, (11) Deceit & Concealment of Assets, (12) Breach of the Deed of Trust, (13) Breach of Good Faith & Fair Dealing, and (14) Quiet Title. (the "First Adversary Proceeding") (*See* Adv. No. 11-53893, D.I. 1). Ms. Galope filed a motion for voluntary dismissal of the First Adversary Proceeding on August 4, 2012 (Adv. No. 11-53893, D.I. 20) and the adversary case was dismissed by Order dated August 27, 2012 (Adv. No. 11-53893, D.I. 23). On October 23, 2012, Ms. Galope moved to reopen the adversary proceeding, which was denied by Order dated April 16, 2013, (Adv. No. 11-53893 D.I. 30), because on November 19, 2012, Ms. Galope had already filed this second adversary proceeding asserting the same causes of action (the "Second Adversary Proceeding").

---

[9](...continued)
counter designation and statement of issues are due October 29, 2013. Thereafter, the appeal will be transmitted to the United States District Court for the District of Delaware (the "Delaware District Court").

## Discussion

The Trustee argues that the adversary complaint should be dismissed pursuant to Fed.R.Bankr.P. 7012(b) for failing to state a claim upon which relief can be granted.[10] "The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case." *Paul v. Intel Corp. (In re Intel Corp. Microprocessor Antitrust Litig.)*, 496 F.Supp. 2d 404, 407 (D.Del. 2007) citing *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). When reviewing a motion to dismiss, the Court will construe the complaint "in the light most favorable to the plaintiff." *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d Cir. 2011) quoting *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010).

The Trustee argues that the claims asserted in the adversary complaint are identical to those that Ms. Galope asserted in the Galope Claim, which this Court previously disallowed and expunged because it was filed long after the proof of claim Bar Date. The Galope Claim includes (i) claims alleging violations of the Truth-in-Lending Act; (ii) claims alleging the Debtors' fraudulent conduct in connection with the origination of Ms. Galope's Mortgage Note; and (iii) claims alleging the Debtors' improper transfer of the Mortgage Note, including claims based upon "post-petition deed of trust assignments, recorder of deed filings and foreclosure proceedings." *New Century*, 2013 WL 52314546, *4. The following twelve (out of fourteen) claims asserted in the adversary complaint are similar, if not identical, to those underlying the Galope Claim: First Claim: Fraud at Loan Origination; Second Claim: TILA Violation; Third Claim: Intentional Misrepresentation; Fourth Claim: Fraudulent Conveyance; Seventh Claim:

---

[10]Fed.R.Bankr.P. 7012(b) provides that Fed.R.Civ.P. 12(b) through (i) are applicable in adversary proceedings.

6

REMIC Fraud and Tax Evasion; Eighth Claim: Fraudulent Misrepresentation; Ninth Claim: Unjust Enrichment; Tenth Claim: Fraud by Omission and Inducement; Eleventh Claim: Deceit and Concealment of Assets; Twelfth Claim: Breach of the Deed of Trust; Thirteenth Claim: Breach of Good Faith and Fair Dealing; and Fourteenth Claim: Quiet Title (the "Twelve Claims").

The Twelve Claims should be dismissed for lack of jurisdiction because those claims assert the same causes of action as those on appeal to the Delaware District Court due to Ms. Galope's appeal of the Order denying the Second Motion for Reconsideration. "It is well established that the filing of a notice of appeal is an event of jurisdictional significance in which a lower court loses jurisdiction over the subject matter involved in the appeal." *In re Whispering Pines Estates, Inc.*, 369 B.R. 752, 757 (1st Cir. BAP 2007). *See also In re Washington Mutual, Inc.*, 461 B.R. 200, 217-18 (Bankr. D.Del. 2011) *vacated in part* 2012 WL 1563880 (Bankr. D.Del. Feb. 24, 2012) (recognizing that the "Divestiture Rule" provides that an appeal divests the lower court of any further jurisdiction over the subject of the appeal). The purpose of the Divestiture Rule is "to avoid the confusion of placing the same matter before two courts at the same time and preserve the integrity of the appeal process." *Whispering Pines*, 369 B.R. at 757.

In the bankruptcy context, however, the appeal of one ruling does not stay the entire bankruptcy case. *WaMu*, 461 B.R. at 218. As explained by one Court:

> As courts have noted, however, a bankruptcy case typically raises a myriad of issues, many totally unrelated and unconnected with the issues involved in any given appeal. The application of a broad rule that a bankruptcy court may not consider any request filed while an appeal is pending has the potential to severely hamper a bankruptcy court's ability to administer its cases in a timely manner.

*Whispering Pines*, 369 B.R. at 758. Bankruptcy Rule 8005 provides that during an appeal "the

bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest." Fed.R.Bankr.P. 8005. Because the Twelve Claims are based on the same subject matter as Ms. Galope's appeal of the Order denying the Second Motion for Reconsideration, which disallowed and expunged her claim, this Court lacks jurisdiction over the Twelve Claims, and those claims will be dismissed.

Alternatively, the Twelve Claims should be dismissed because Ms. Galope cannot circumvent the Bar Date by filing an adversary complaint based upon the same claims as those alleged in her untimely, disallowed proof of claim. *Robert Christopher Assoc. v. Franklin Realty Group, Inc. (In re FRG, Inc.)*, 121 B.R. 710, 714 (Bankr.E.D.Pa. 1990) ("Clearly, a creditor cannot circumvent the temporal proscription of a bar date by the facile device of filing an adversary proceeding against a debtor after the bar date has run.").

A proof of claim bar date is comparable to a statute of limitations. *Berger v. TransWorld Airlines, Inc. (In re TransWorld Airlines)*, 96 F.3d 687, 690 (3d Cir. 1996) ("The bar date means just that; it is a 'drop-dead date' that bars all prepetition claimants who received the required notice."), *In re Grand Union Co.*, 204 B.R. 864, 871 (Bankr. D.Del. 1997) ("[T]he claims bar date operates as a federally created statute of limitations, after which the claimant loses all of her right to bring an action against the debtor."). It is appropriate under Bankruptcy Rule 7012 to dismiss claims in an adversary complaint that were brought beyond the applicable statute of limitations. *Kaiser Group Holdings, Inc. v. Squire Sanders & Dempsey LLP (In re Kaiser Group Int'l, Inc.)*, 2010 WL 3271198, *7 (Bankr. D.Del. Aug. 17, 2010) (dismissing adversary complaint filed beyond applicable three-year statute of limitations); *Winstar Holdings, LLC v.*

*The Blackstone Group, LP (In re Winstar Commc'n, Inc.)*, 435 B.R. 33, 43-46 (Bankr. D.Del. 2010) (same). This adversary proceeding was filed more than six years after the Bar Date; therefore, the Twelve Claims will be dismissed.[11]

The remaining two claims in the adversary complaint assert causes of action based on the actions of the Debtors and the Trustee during the chapter 11 case. Claim Five, entitled "Civil Conspiracy against Homeowners," alleges that the Debtors and certain creditors conspired to prevent Ms. Galope from receiving actual notice of the Bar Date and asserts that the Trustee and his counsel have a conflict of interest in representing various unsecured creditor constituencies.[12] Claim Six, entitled "Civil Conspiracy: Preferential Treatment Accorded Banks Over Borrowers," alleges that the Debtors wrongfully made payments on the claims of certain bank creditors. Because I have determined that Ms. Galope's claim should be disallowed and expunged, she has no standing to pursue these claims.[11]

To appear and be heard in a bankruptcy case, a party must establish standing under either (i) Article III of the United States Constitution (which is required for all litigants in all federal

---

[11] Moreover, the First Adversary Proceeding (asserting identical claims) was filed more than four years after the Bar Date. Even if the First Adversary Proceeding had been reopened, it would also be dismissed as untimely.

[12] I have already denied similar claims alleging a conflict of interest by the Trustee and his counsel. *See In re New Century TRS Holdings, Inc.*, No. 07-10416, slip op. (Bankr.D.Del. July 9, 2013) (Main Case, D.I. 11204, 11205) (denying Galope's motion to impeach/remove trustee).

[11] "[S]tanding is an issue that can and should be raised *sua sponte* by the court." *In re Schapiro*, No. 96-13357, 1997 WL 367201, *3 (Bankr. E.D.Pa. June 6, 1997) citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1200 (3d Cir. 1988).

cases), or (ii) Bankruptcy Code §1109.[12] *In re Global Indus. Tech., Inc.*, 645 F.3d 201, 210-11 (3d Cir. 2011). The Third Circuit decided that the boundaries for both Article III standing and standing under the Bankruptcy Code are coextensive. *Id.* at 211.

"A party seeking constitutional standing must demonstrate an 'injury in fact' that is 'concrete', 'distinct and palpable', and 'actual or imminent.'" *Id.* at 210 citing *Whitmore v. Arkansas,* 495 U.S. 149, 155, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990). The Third Circuit further decided:

> The party must establish that the injury fairly can be traced to the challenged action and is likely to be redressed by a favorable decision. We have noted that the contours of the injury-in-fact requirement, while not precisely defined, are very generous. The standard is met as long as the party alleges a specific, identifiable trifle of injury or a personal stake in the outcome of the litigation.

*Id.* at 210 (internal quotations and citations omitted). Similarly, Bankruptcy Code §1109 grants standing to a "party in interest," which has been described as "anyone who has a legally protected interest that could be affected by a bankruptcy proceeding." *Matter of James Wilson Associates,* 965 F.2d 160, 169 (7th Cir. 1992).[13]

Because I have determined that Ms. Galope's claim should be disallowed and expunged, she has no legally protected interest that can be affected by this chapter 11 bankruptcy case.

---

[12] Bankruptcy Code §1109(b) provides:
A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.
11 U.S.C. §1109(b).

[13] In *Global Industrial*, the Third Circuit adopted the Seventh Circuit's "party in interest" test as set forth in *James Wilson. Global Indus.*, 645 F.3d at 210-11.

**Conclusion**

For the reasons set forth above, I conclude that the Trustee's Motion to Dismiss should be granted. This Court lacks jurisdiction to hear the Twelve Claims, which arise out of the same subject matter as the Galope Claim, because my decision disallowing and expunging the Galope Claim is the subject of an appeal. In the alternative, even if this Court has jurisdiction, I conclude that the Twelve Claims should be dismissed as untimely, since they were filed years after the Bar Date. Moreover, because the Galope Claim has been disallowed and expunged, Ms. Galope does not have standing to assert Claim Five and Claim Six in the adversary complaint; therefore, Claims Five and Six will also be dismissed.

An appropriate Order follows.

BY THE COURT:

_____
KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

Dated: October 16, 2013